1

The Honorable James L. Robart

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a foreign insurer, | NO.  C09-1788 JLR |
| Plaintiff, | ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF TALIESEN CORPORATION |
| v. | |
| TALIESEN CORPORATION, a Washington corporation, | **JURY DEMAND** |
| Defendant. | |

9

10

11

12

13

14

15        Defendant Taliesen Corporation ("Taliesen) responds to the allegations in plaintiff

16   St. Paul  Fire  and  Marine  Insurance  Company's  Complaint  for  Declaratory  Relief

17   ("Complaint") as follows:

18                                              **I.  PARTIES**

19        1.1      Admitted.

20        1.2      Taliesen  admits  that  it  is  a  Washington  corporation  and  was  the  owner,

21   developer  and  seller  of  the  condominium  building  located  in  Seattle,  King  County,

22   Washington, known as Meridian Condominiums, but denies the remaining allegations of

23   this paragraph.

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 1
C09-1788 JLR
11445-030536  474692

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

## II.  JURISDICTION AND VENUE

2.1    Admitted.

2.2    Admitted.

## III.  FACTS

**A.    Construction of Meridian Condominiums**

3.1    Taliesen admits that construction on the Meridian began in June or July of 2000 and that, until it conveyed title to condominium units beginning in December 2002, it was the sole legal owner of the real estate improvements at the Meridian.  Except as admitted herein, this paragraph is denied.

3.2    Taliesen admits that construction on the Meridian continued from its beginning in June or July 2000 to early December 2002, when construction of almost all units was completed.  Except as admitted herein, this paragraph is denied.

3.3    Taliesen admits that the Meridian is a twenty-six story condominium building located at 1420 Terry Avenue, Seattle, Washington, and comprised of 161 units.  Except as admitted herein, this paragraph is denied.

3.4    Taliesen admits that temporary certificates of occupancy were issued in December, 2002, involving almost all of the condominium units at the Meridian, and that a final certificate of occupancy was not issued until the penthouse units were completed some time later.  Except as admitted herein, this paragraph is denied.

**B.    St. Paul's Policy Periods**

4.1    Taliesen admits that St. Paul issued a policy of insurance containing commercial general liability coverage by policy number CX04900398 with an inception date of July 19, 2000 for the period July 19, 2000 to July 19, 2001, and which was

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 2

C09-1788 JLR
11445-030536  474692

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  renewed for the policy period July 19, 2001 to July 19, 2002, and then extended by

2  endorsement until December 31, 2002 (hereinafter the "2000-2002 policy").  Except as

3  admitted herein, this paragraph is denied.

4      4.2    Taliesen admits that St. Paul renewed policy CX04900398 at expiration

5  with a policy of insurance containing commercial general liability coverage as policy

6  number CX04900521, with an inception date of December 31, 2002 (hereinafter the

7  "2003-2004 policy").  Except as admitted herein, this paragraph is denied.

8      4.3    Admitted.

9  **C.    Taliesen's Ownership and Sale of the Meridian Condominium Units**

10     5.1    Taliesen admits that as of the inception date of policy CX04900398 on

11 July 19, 2000, the Meridian was solely owned by Taliesen.  Except as admitted herein,

12 this paragraph is denied.

13     5.2    Taliesen admits that as of the inception date of policy CX04900521 on

14 December 31, 2002, Taliesen owned units at the Meridian.  Except as admitted herein,

15 this paragraph is denied.

16     5.3    Taliesen admits that as of October 1, 2003, Taliesen owned units at the

17 Meridian.  Except as admitted herein, this paragraph is denied.

18     5.4    Taliesen admits that as of the expiration of policy CX04900521 on

19 March 22, 2004, Taliesen owned units at the Meridian.  Except as admitted herein, this

20 paragraph is denied.

21     5.5    Admitted.

22

23

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 3
C09-1788 JLR
11445-030536  474692

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

**D.**     **Notice of Defects and Water Intrusion to Taliesen**

6.1     Taliesen admits that the date of its first actual knowledge of the Meridian water intrusion was approximately the first week in November, 2003.   Except as admitted herein, this paragraph is denied.

6.2     Taliesen admits that on November 21, 2003, Taliesen retained Spratt Emanuel Engineering to conduct a building envelop review.  Taliesen also admits that Spratt Emanuel issued a report dated November 26, 2003, which document speaks for itself, and Taliesen denies that the selective allegations contained in this paragraph are true and complete.  Except as admitted herein, this paragraph is denied.

6.3     Taliesen admits that on approximately January 14, 2004, Morrison Herschfield issued a report to the Meridian Homeowner's Association  ("Meridian HOA") regarding its preliminary review of the building envelop.  Said report speaks for itself, and Taliesen denies that the selective allegations contained in this paragraph are true and complete.  Except as admitted herein, this paragraph is denied.

6.4     Taliesen admits that on February 25, 2004, Taliesen sent to the Meridian HOA's engineering consultant a letter outlining a short synopsis of what it intended to do address complaints from the Meridian HOA.  Said letter speaks for itself, and Taliesen denies that the selective allegations contained in this paragraph are true and complete. Except as admitted herein, this paragraph is denied.

6.5     Taliesen admits that on April 23, 2004, it sent a letter to all Meridian homeowners.   Said letter speaks for itself, and Taliesen denies that the selective allegations contained in this paragraph are true and complete.   Except as admitted herein, this paragraph is denied.

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 4
C09-1788 JLR
11445-030536  474692

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

6.6    Taliesen admits that in May 2004 it corresponded with the Meridian HOA's attorneys.    Said letter speaks for itself, and Taliesen denies that the selective allegations contained in this paragraph are true and complete.    Except as admitted herein, this paragraph is denied.

6.7    Taliesen admits that on or about July 30, 2004, it signed an agreement with the Meridian HOA.    Said agreement speaks for itself, and Taliesen denies that the selective allegations contained in this paragraph are true and complete.    Except as admitted herein, this paragraph is denied.

6.8    Taliesen admits that in addition to construction defect repairs, it performed certain warranty repairs, but except as admitted herein, this paragraph is denied.

6.9    Taliesen admits that it has settled the claims of construction defect with the Meridian HOA, but that except as admitted herein, this paragraph is denied.

**E.    St. Paul's Investigation Into the Claim by Taliesen**

7.1    Taliesen admits that it sent St. Paul a notice of loss dated April 27, 2004. Said document speaks for itself, and the selective quotations are incomplete, and in some cases inaccurate and, therefore, Taliesen defendant denies the same.

7.2    Taliesen denies all allegations in this paragraph.

7.3    Taliesen denies all allegations in this paragraph.

7.4    Taliesen admits that on July 15, 2004, St. Paul sent a letter to Taliesen acknowledging receipt of notice of a potential claim.    Said document speaks for itself, and the selective quotations are incomplete, and in some cases inaccurate and, therefore, Taliesen defendant denies the same.

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 5
C09-1788 JLR
11445-030536  474692

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

7.5     Taliesen admits that St. Paul sent it a letter dated December 7, 2004, and said letter speaks for itself.  St. Paul subsequently sent Taliesen a letter dated June 21, 2005.  Taliesen denies that the selective characterizations of these letters are true and complete, and therefore except as admitted herein, this paragraph is denied.

7.6     Taliesen admits that St. Paul sent it a letter dated August 23, 2005, and said letter speaks for itself.  Taliesen denies that the selective characterizations of this letter is true and complete, and therefore except as admitted herein, this paragraph is denied.

7.7     Taliesen admits that St. Paul sent it a letter dated September 29, 2006, 2005, which speaks for itself.  Taliesen denies that the selective characterizations of this letter is true and complete, and therefore except as admitted herein, this paragraph is denied.

7.8     Taliesen admits that St. Paul sent it a letter dated January 6, 2006, which speaks for itself.  Taliesen denies that the selective characterizations of this letter is true and complete, and therefore except as admitted herein, this paragraph is denied.

7.9     Taliesen admits that St. Paul sent it a letter dated February 6, 2006, which speaks for itself.  Taliesen denies that the selective characterizations of this letter is true and complete, and therefore except as admitted herein, this paragraph is denied.

7.10    Taliesen admits that St. Paul sent it letters dated April 7, 2006, November 1, 2006, and June 11, 2007, all of which speak for themselves.  Taliesen denies that the selective characterizations of these letters are true and complete and, therefore, except as admitted herein, this paragraph is denied.

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 6
C09-1788 JLR
11445-030536 474692

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

7.11    Taliesen admits that St. Paul sent it a letter dated June 19, 2007, which speaks for itself.  Taliesen denies that the selective characterizations of this letter is true and complete and, therefore, except as admitted herein, this paragraph is denied.

7.12    Taliesen admits that in February 2008 it advised St. Paul that it would compile the documents supporting its claim, and that these documents were provided in July 2008.   Taliesen denies the selective characterization of these materials and, therefore, except as admitted herein, this paragraph is denied.

7.13    Taliesen admits that it had a meeting with St. Paul's attorney in which St. Paul's adjuster participated by telephone to discuss the claim.  Taliesen denies the selective allegations of the conversation as incomplete and inaccurate and, therefore, except as admitted, the allegations of this paragraph are denied.

7.14    Taliesen admits that St. Paul's attorney sent it a letter dated November 24, 2008, which speaks for itself.  Taliesen denies that the selective characterizations of this letter is true and complete and, therefore, except as admitted herein, this paragraph is denied.

7.15    Taliesen incorporates its answer to paragraph 7.14 herein.

7.16    Taliesen admits that St. Paul's attorney sent it letters dated December 11, 2008, January 6, 2009 and February 13, 2009, which letters speak for themselves. Taliesen denies that the selective characterizations of these letters are true and complete and, therefore, except as admitted herein, this paragraph is denied.

7.17    Taliesen admits that on March 18, 2009 it provided St. Paul's attorney with a letter dated March 12, 2009 and voluminous supporting materials.  Said letter and supporting materials speak for themselves, and Taliesen denies the selective and

inaccurate characterization of these materials and, therefore, except as admitted herein, this paragraph is denied.

7.18   Taliesen admits that it had conversations with St. Paul's attorney and adjuster in April and June 2009, but denies the selective characterization of said conversations and, therefore, except as admitted herein, this paragraph is denied.,

7.19   Taliesen admits that St. Paul's counsel sent it a letter dated September 29, 2009, and said letter speaks for itself.  Taliesen denies the selective and inaccurate characterization of this letter and, therefore, except as admitted herein, this paragraph is denied.

7.20   Admitted.

**F.   Applicable Policy Provisions**

8.1   Admitted that St. Paul issued policy number CX04900521, as a renewal of policy number CX04900398, to Named Insured "Taliesen Corporation and/or 2211 E. Madison LLC and/or Generation Holding Ltd." which was applicable for the policy period December 31, 2002 to December 31, 2003, and extended thereafter by endorsement until March 22, 2004.  Except as admitted, this paragraph is denied.

8.2   Admit that St. Paul has selectively quoted from sections of the policy identified in answer to paragraph 8.1 above, but that said document speaks for itself, and that selective quotations omit material terms and conditions, and therefore this paragraph is denied.

8.3   Admit that St. Paul has selectively quoted from sections of the policy identified in answer to paragraph 8.1 above, but that said document speaks for itself,

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 8

C09-1788 JLR
11445-030536 474692

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  and that selective quotations omit material terms and conditions and, therefore, this

2  paragraph is denied.

3       8.4    Admit that St. Paul has selectively quoted from some of the exclusionary

4  provisions of the policy identified in answer to paragraph 8.1 above, but that said

5  document speaks for itself, and that said quoted provisions are not applicable to the

6  claims of Named Insureds and, therefore, this paragraph is denied.

7       8.5    Admit that St. Paul has quoted from an exclusionary provision allegedly

8  made a part of the policy identified in answer to paragraph 8.1 above, but that said

9  document speaks for itself, that said water damage exclusion is not a valid and

10  enforceable part of the policy and further was deleted by endorsement, and is therefore

11  not applicable to the claims of Taliesen, and therefore this paragraph is denied.

12       8.6    Admit that St. Paul has selectively quoted from some of the provisions of

13  the policy identified in answer to paragraph 8.1 above, but that said document speaks

14  for itself, and that said quoted provisions are not applicable to the claims of Taliesen

15  and, therefore, this paragraph is denied.

16       8.7    Admit that St. Paul has quoted from an exclusionary provision allegedly

17  made a part of the policy identified in answer to paragraph 8.1 above, but that said

18  document speaks for itself, and that said exclusion is not a valid and enforceable part of

19  the policy, and is therefore not applicable to the claims of Taliesen and, therefore, this

20  paragraph is denied.

21

22

23

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 9
C09-1788 JLR
11445-030536 474692

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

## IV. REQUEST FOR DECLARATORY RELIEF

**A.    No Obligation to Indemnify Because There Is No Property Damage Occurring During the Subject Policy.**

9.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

9.2    Taliesen denies this paragraph.

9.3    Taliesen denies this paragraph.

9.4    Taliesen denies this paragraph.

9.5    Taliesen denies this paragraph.

**B.    No Obligation to Indemnify Because of "Your Products and Completed Work" Limit of Coverage**

10.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

10.2    Taliesen denies this paragraph.

10.3    Taliesen denies this paragraph.

10.4    Taliesen denies this paragraph.

10.5    Taliesen denies this paragraph.

10.6    Taliesen denies this paragraph.

**C.    No Obligation to Indemnify Because of Policy Exclusion for Contract Liability**

11.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

11.2    Taliesen denies this paragraph.

11.3    Taliesen denies this paragraph.

11.4    Taliesen denies this paragraph.

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 10

C09-1788 JLR
11445-030536  474692

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

11.5    Taliesen denies this paragraph.

**D.    No Obligation to Indemnify to Damage to Property Owned or Occupied by Taliesen**

12.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

12.2    Taliesen denies this paragraph.

12.3    Taliesen denies this paragraph.

12.4    Taliesen denies this paragraph.

12.5    Taliesen denies this paragraph.

12.6    Taliesen denies this paragraph.

**E.    No Obligation to Indemnity Because of Policy Exclusion for Impaired Property**

13.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

13.2    Taliesen denies this paragraph.

13.3    Taliesen denies this paragraph.

13.4    Taliesen denies this paragraph.

**F.    No Obligation to Indemnify Because of Policy Exclusion for Water Damage**

14.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

14.2    Taliesen denies this paragraph.

14.3    Taliesen denies this paragraph.

14.4    Taliesen denies this paragraph.

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 11

C09-1788 JLR
11445-030536 474692

**G.    No Obligation to Indemnify or Defend Because of Taliesen's Failure to Comply**

15.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

15.2    Taliesen denies this paragraph.

15.3    Taliesen denies this paragraph.

15.4    Taliesen denies this paragraph.

15.5    Taliesen denies this paragraph.

**H.    Limitation of Coverage for First Manifestation of Property Damage**

16.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

16.2    Taliesen denies this paragraph.

16.3    Taliesen denies this paragraph.

16.4    Taliesen denies this paragraph.

**I.    Reimbursement of Fees**

17.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

17.2    Taliesen denies this paragraph.

17.3    Taliesen denies this paragraph.

17.4    Taliesen denies this paragraph.

17.5    Taliesen denies this paragraph.

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

**J.    There Is No Coverage for Any Property Damage Taliesen Knew of Prior to the Inception of the Policy**

18.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

18.2    Taliesen denies this paragraph.

18.3    Taliesen denies this paragraph.

**K.    No Coverage on Repair or Restoration of Property Because of Taliesen's Incorrect Work**

19.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

19.2    Taliesen denies this paragraph.

19.3    Taliesen denies this paragraph.

**L.    Other Applicable Policy Provisions and Reservation of Rights**

20.1    Taliesen repeats and reiterates its answers to all prior paragraphs as if fully set forth herein.

20.2    Taliesen denies this paragraph.

20.3    Taliesen denies this paragraph.

<h3 style="text-align:center">V.    AFFIRMATIVE DEFENSES</h3>

Having fully answered the allegations contained in the Complaint, and by way of further answer, Taliesen asserts the following affirmative defenses:

21.1    St. Paul's 2003-2004 policy's definition of "property damage" states in part:

Of course, if there's a continuation, change, or resumption, after this agreement ends, of physical damage to tangible property of others that:

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 13

C09-1788 JLR
11445-030536 474692

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

- Isn't previously known physical damage to tangible property of others; and
- Happens while this agreement is in effect;

we'll consider such continuation, change, or resumption to also happen while this agreement is in effect if that would be the result because of a continuous, multiple, or other coverage trigger required under the law that applies.

In Washington, under *American Nat'l Fire v. B & L Trucking*, 134 Wn.2d 413, 429, 951 P.2d 250 (1998) and *Polygon NW v. Am. Nat'l Fire Ins.*, 143 Wn. App. 753, 773, 189 P.3d 777 (2008), an insurer such as St. Paul is jointly and severally liable for all progressive property damage if any part of the progressive property damage occurs during the policy period.  Under the above quoted provision of St. Paul's 2003-2004 policy, all continuation, change or resumption of progressive property damage at the Meridian that occurred after the policy expired is considered to have happened during the 2003-2004 policy period.

21.2   Under the provision of the policy quoted in paragraph 21.1 above, St. Paul's 2003-2004 policy covers any "continuation, change or resumption" of property damage to the property of others that happened during the policy period, including any continuation, change or resumption of property damage to property of others which happens after March 22, 2004.

21.3   St. Paul's 2000-2002 and 2003-2004 policies' definition of "your products" states that

We won't consider the following to be your products:

- Goods or products that are still in your physical possession or on a premises that you . . own.
- Real property . . .

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 14

C09-1788 JLR
11445-030536  474692

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Under the above-quoted provision, the undivided property interest in the Meridian that was owned by Taliesen and other Named Insureds was not within the policy's definition of "your products" because it is "real property," or goods or products still on a premises that was owned by Taliesen and the other Named Insureds, and therefore St. Paul's "damage to your products" exclusion does not apply.

21.4    St. Paul's 2000-2002 and 2003-2004 policies' definition of "your completed work" states that :

"But we won't consider the following to by your completed work":

- . . . Any premises or other real property that you own.
- Any work done to a premises or other real property that you rent or lease from other, or own.
- Any work while on a premises that you rent, lease, or borrow from others, or own.

Under the above-quoted provision, the undivided property interest in the Meridian that was owned by Taliesen and other Named Insureds was not within the policy's definition of "your completed work" because it is "premises or other real property," because it was "work done to a premises or other real property," and because it was work while on premises" and, therefore, the "Damage to completed work" exclusion in the policy does not apply.

21.5    St. Paul's 2000-2002 and 2003-2004 policies' exclusion for property damage to your completed work has an exception that states:

But we won't apply this exclusion part to such property damage if

- This agreement provides completed work liability coverage; and
- Your completed work that's damaged, or your completed work that causes the property damage, was done for you by others.

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 15

C09-1788 JLR
11445-030536  474692

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900   FAX 206.624.6885

1    The property damage that occurred at the Meridian during the policy period was

2    done for Taliesen by others, and therefore under this quoted provision Plaintiff's

3    "completed work" exclusion does not apply.

4    21.6   St. Paul's 2000-2002 and 2003-2004 policies have a specific exclusion

5    entitled "breach of contract" that does not apply, according to its terms, to the liability of

6    a protected person for bodily injury and property damage.   St. Paul's 2000-2002 and

7    2003-2004 policies also have a separate exclusion for "contract liability" which,

8    according to its terms, applies only to injury or damage for which the protected person

9    "has assumed liability under any contract or agreement."   Under *King County v.*

10   *Travelers Ins. Co.*, 1996 WL 257135, 1996 U.S. Dist. LEXIS 21946 (WD WA 1996) this

11   exclusion for liability "assumed" only applies to claims against an insured under

12   indemnification and hold harmless agreements.   The claims of the Meridian HOA did not

13   allege that Taliesen "assumed" its liability and accordingly the "contract liability" exclusion

14   in the policy does not apply to the Meridian HOA claims of damage.   Further, even if the

15   Meridian HOA claimed Taliesen was liable because of an assumption of liability in a

16   contract or agreement, the "contract liability" exclusion specifically does not apply to "injury

17   or damage for which the protected person would have liability without the contract or

18   agreement."   The Meridian HOA claimed Taliesen was liable under the terms of the

19   statutory implied warranty of quality set forth in RCW 64.34.445, and therefore the

20   "contract liability" exclusion does not apply to Taliesen's liability.

21   21.7   St. Paul's 2000-2002 and 2003-2004 policies' exclusion entitled "control of

22   property" only applies to damage to that portion of the undivided interests that property

23   owned by the Named Insured.   The physical damage to the Meridian was a continuous

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  and progressive process that continued even after the policies expired.  At the time that

2  Taliesen's 2003-2004 policy expired on March 22, 2004, Taliesen only owned 41 units

3  which was 25.47% of the total number of units, and accordingly, under the *English Cove*

4  decision the "control of property" exclusion for property owned only applies to only

5  approximately 25.47% of property damage to common areas of the Meridian.

6  21.8   St. Paul's claims of Taliesen's failure to comply with its obligations under the

7  policy are barred by the doctrine of waiver because St. Paul was aware and failed to object

8  to Taliesen's actions to resolve the Meridian HOA claims without litigation.

9  21.9   St. Paul violated RCW 48.18.2901(2) in attempting to renew the 2003-

10  2004 policy without providing the required explanation of any change in the contract

11  provisions and, therefore, all such attempted modifications of the 2003-2004 policy are

12  invalid and the policy is renewed on the terms and conditions as expiring.

13  21.10  St. Paul has materially misrepresented the provisions of the insurance

14  policies issued to Taliesen by ignoring applicable policy language and controlling

15  Washington law, and as a result of its misrepresentations St. Paul is estopped to deny

16  coverage.

17  21.11 Taliesen herby reserves the right to file an Amended Answer and

18  Affirmative Defenses after having an opportunity to complete discovery.

19  **VI.    COUNTERCLAIMS**

20  22.1   Taliesen repeats and reiterates all prior paragraphs of its Answer, as if

21  fully set forth herein.

22  22.2   St. Paul Fire and Marine Insurance Company ("St. Paul") is a foreign

23  insurer licensed to conduct the business in the State of Washington.  It is incorporated

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 17

C09-1788 JLR
11445-030536 474692

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1    in the State of Minnesota and, on information and belief, it has its principal place of

2    business in Minnesota.

3         22.3    Taliesen Corporation ("Taliesen") is a Washington corporation doing

4    business in Seattle, King County, Washington.

5         22.4    Jurisdiction of the claim is properly before this Court pursuant to USC 28

6    §1332, et. seq., in that diversity of citizenship exists among the parties and the amount

7    in controversy exceeds $75,000.

8         22.5    This action involves a dispute over the application of insurance coverage

9    for claim of the Meridian Homeowners Association ("Meridian HOA") against Taliesen

10   arising out of the construction of a twenty-six story condominium building located at

11   1420 Terry Avenue, Seattle, King County, Washington.  As a result, venue is properly

12   before this Court.

13        23.1    St. Paul issued a policy of insurance number CX04900398 containing

14   commercial general liability coverage to Named Insured Taliesen, for a policy period

15   July 19, 2000 to July 19, 2001, and renewed for the policy period July 19, 2001 to

16   July 19, 2002, and then extended by endorsements to December 31, 2002 ("the 2000-

17   2002 policy").  St. Paul renewed the 2000-2002 policy with policy number CX04900521,

18   also including commercial general liability coverage for the policy period December 31,

19   2002 to December 31, 2003, and then extended by endorsements to March 22, 2004

20   ("the 2003-2004 policy").  The Named Insured on the 2003-2004 policy was "Taliesen

21   Corp. and/or 2211 E. Madison LLC and/or Generation Holding Ltd."

22        23.2    Taliesen was the owner and developer of a 26-story condominium building

23   known as The Meridian located on Terry Avenue in Seattle.  Construction began in

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 18

C09-1788 JLR
11445-030536  474692

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1   2000, and Taliesen employed various contractors, engineers and consultants

2   subcontractors to perform services in the construction of the building.  Construction was

3   substantially completed in December 2002, and Taliesen closed sales of residential

4   condominium units beginning on December 11, 2002.

5       23.3   In early November 2003, Taliesen became aware of certain instances

6   where water intrusion was observed in the building envelope.  Taliesen requested an

7   investigation by its envelop consultant and notified the Meridian HOA which also

8   retained a consulting engineer.  In January 2004, the Meridian HOA consulting engineer

9   issued a report setting forth its preliminary review of the building envelope systems

10   including alleged construction defects.

11       23.4   When Taliesen learned of the magnitude of Meridian HOA's alleged

12   construction defects and the damage claims, and the fact that the Meridian HOA had

13   retained counsel to present construction defect claims, Taliesen advised St. Paul of the

14   Meridian situation in April, 2004.

15       23.5   The Meridian HOA sent Taliesen a notice of claim under RCW 64.50

16   dated June 3, 2004.  Said notice alleged that the Meridian building had sustained

17   physical damage to tangible property in numerous respects.  A copy of said notice of

18   claim was promptly provided to St. Paul.  Taliesen's response to said notice of claim

19   was rejected by the Meridian HOA, which insisted upon all of its rights under

20   Washington condominium law, including the statutory implied warranties of quality

21   construction.  St Paul was advised and was aware of Taliesen efforts to resolve the

22   Meridian HOA's claims without resort to litigation, and at no time did St. Paul object, or

23

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 19

C09-1788 JLR
11445-030536 474692

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1    advise Taliesen that St. Paul refused to approve a resolution of the Meridian HOA
2    claims that did not involve litigation.

3        23.6   Taliesen incurred reasonable and necessary expenses for labor, material,
4    contractors, consultants, vendors and its internal overhead expenses in its efforts to
5    reach an agreement to resolve the Meridian HOA's claims in an amount that will be
6    proven at trial, but which is estimated to be in excess of $1.5 million.   In July 2008,
7    Taliesen provided St. Paul with a copy of the supporting documentation for said claim.
8    St. Paul has refused to pay said claim.

9        **24.    Breach of Insurance Contract Claim**

10       24.1   St. Paul's 2000-2002 and 2003-2004 policies provide Taliesen with
11   coverage for amounts that Taliesen was legally required to pay for covered property
12   damage to the property of Meridian condominium owners including any continuation,
13   change or resumption of such damage that occurred after the said policies expired.

14       24.2   The Meridian sustained numerous continuous and progressive instances
15   of water intrusion through its roof, walls and other structural members during St. Paul's
16   2000-2002 and 2003-2004 policies.   Said water intrusion constituted physical damage
17   to tangible property of others.   The Meridian HOA claimed that Taliesen was legally
18   required to pay for such physical damage to tangible property at the Meridian
19   condominium, including the continuation, change or resumption of such damage that
20   occurred after the said policies expired.

21       24.3   With St. Paul's knowledge and consent, Taliesen agreed to resolve the
22   claims of the Meridian HOA set out in the proceeding paragraph by performing and/or
23   paying for others to perform work on the Meridian building to both repair continuing and

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 20

C09-1788 JLR
11445-030536  474692

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1   progressive property damage, as well as to prevent property damage that continued,
2   changed or resumed after the St. Paul policies expired.

3       24.4  Taliesen has incurred reasonable and necessary sums in an amount to be
4   proven at trial, which are estimated to be in excess of $1.5 million to settle and resolve
5   the above referenced claims of Meridian HOA.

6       24.5   St. Paul has breached its duty under said policies by refusing to pay the
7   amounts that Taliesen incurred and paid to settle and resolve the Meridian HOA claims.

8       **25.   Olympic Steamship Attorney's Fees**

9       25.1   Taliesen has been compelled to incur reasonable and necessary litigation
10  costs and expense in order to obtain the benefits of its insurance policies with St. Paul.
11  Under the *Olympic Steamship* doctrine, Taliesen is entitled to an award of its
12  reasonable and necessary litigation expense against St. Paul.

13      **26.   Reservation of Right to File Amended Counterclaims**

14      26.1   Taliesen reserves the right to file an amended Counterclaim dealing with
15  St. Paul's claims handling and compliance with Washington statutory and common law
16  related to bad faith claims handling once it has obtained discovery of St. Paul's claims
17  file and an opportunity to depose any St. Paul witness with knowledge of how it handled
18  the claims of the Meridian HOA against Taliesen.

19      **VII.   JURY DEMAND**

20      Defendant Taliesen Corporation hereby demands a jury pursuant to Fed. R. Civ.
21  P. 38.

22

23

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 21

C09-1788 JLR
11445-030536  474692

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1

## VIII.   PRAYER FOR RELIEF

2       WHEREFORE, defendant Taliesen Corporation prays for judgment against

3 plaintiff as follows:

4       1.      That the Court deny all of St. Paul's requests for relief, including its

5 requested declaratory judgments;

6       2.      That the Court award Taliesen all damages proximately caused by

7 St. Paul's breach of insurance contracts in an amount to be proven at trial;

8       3.      An award of litigation costs incurred by Taliesen for efforts to obtain

9 insurance coverage pursuant to *Olympic Steamship*;

10      4..     Interest and taxable costs; and

11      5.      Such other and further relief as the Court deems just and equitable.

12      DATED this 19th day of February, 2010.

13                          STAFFORD FREY COOPER

14
                            By:   /s/  A. Richard Dykstra via ECF
15                                A. Richard Dykstra, WSBA #5114
                                  Attorneys for Defendant Taliesen Corporation
16

17

18

19

20

21

22

23

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 22
C09-1788 JLR
11445-030536  474692

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1

Certificate of Service

2

3
I certify that on the date noted below I electronically filed this document entitled

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF TALIESEN
4

5
CORPORATION with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following persons:
6

7

Thomas Lether
8
Morgan Emmerton Smith
Cole, Lether, Wathen & Leid P.C.
9
1000 Second Avenue, Suite 1300
Seattle, WA  98104-1082
10

*Attorneys for Plaintiff St. Paul Fire and Marine Insurance Company*
11

12
DATED this 19th day of February, 2010, at Seattle, Washington.

13

14
/s/ A. Richard Dykstra via ECF

15

16

17

18

19

20

21

22

23

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF TALIESEN CORPORATION - 23

C09-1788 JLR
11445-030536  474692

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885